# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DIETRICH THOMAS**                                                      **PLAINTIFF**

v.                                                    CAUSE NO. 1:19CV228-LG-RHW

**DAVID J. SHULKIN M.D., Secretary**
**for U.S. Dept. of Veterans Affairs, et al.**                         **DEFENDANTS**

## ORDER OF DISMISSAL

THIS CAUSE comes before the Court sua sponte for consideration of dismissal. Plaintiff has been granted leave to proceed in forma pauperis in this case, and therefore her complaint is subject to the screening provisions of 28 U.S.C. § 1915(e)(2). After reviewing the allegations of Plaintiff's complaint, it is apparent that the claims are barred by res judicata and untimely filed. This case will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**Screening Standard**

Because Thomas has been permitted to proceed in forma pauperis in this action, her complaint is subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(2). Pursuant to § 1915(e)(2), the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted where it does

not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## Discussion

Thomas worked as a Medical Instrument Technologist at the Department of Veterans Affairs ("VA") Sleep Laboratory in Biloxi, Mississippi. She filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that the VA discriminated against her by denying her request for reassignment, denying her request to cross-train, denying her request for overtime, charging her leave without pay instead of allowing her to work compensatory time, changing her tour of duty, paying her less money than a male co-worker with less seniority, and giving her an unsatisfactory performance rating. Thomas requested a hearing before an EEOC administrative judge ("AJ"). On November 9, 2017, the AJ found that the VA had discriminated against Thomas and awarded her non-pecuniary compensatory damages, overtime pay, a revised performance evaluation, leave, performance awards, and attorney's fees.

The VA did not implement the AJ's Case decision, because Thomas had filed a lawsuit making the same employment discrimination claims in the United States District Court for the Southern District of Mississippi before the AJ's decision was issued.[1] (Pl. Ex. 5, 8, ECF Nos. 13-5, 13-8.) By operation of 29 C.F.R. § 1614.107(a)(3), administrative processing of Thomas' EEOC complaint terminated

---

[1] Thomas was represented by counsel during the EEOC proceedings, but not in the district court.

when she filed the lawsuit in federal district court. That lawsuit was cause number 1:17cv282-HSO-JCG, now pending on appeal. The EEOC determined that cause number 1:17cv282-HSO-JCG concerned the same employment discrimination claims as in her EEOC complaint. (Pl. Ex. 11, at 4, ECF No. 13-11.) Accordingly, the agency vacated the AJ's decision and affirmed the VA's dismissal of Thomas' EEO complaint. (*Id.* at 5.)

Thomas then filed another lawsuit in this Court, cause number 1:18cv197-LG-RHW. She requested that the Court order the VA to pay the amount awarded by the AJ plus interest, damages for emotional distress and loss of enjoyment of life, and additional attorney's fees. Shortly thereafter, Thomas filed a motion to dismiss without prejudice, stating that she had requested that the EEOC reconsider its decision. The Court granted her motion to dismiss.

The EEOC denied Thomas' request for reconsideration and notified her that she had ninety days from receipt of the notice, or until March 25, 2019 at the latest, to file an action in district court. Thomas instead filed a motion to reopen cause number 1:18cv197-LG-RHW, the case she had voluntarily dismissed. The Court denied her motion to reopen on March 7, 2019, noting the filing deadline and that she still had time to file a new lawsuit to appeal the EEOC's decision.

**1. Res Judicata**

"'Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.'" *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (quoting *In re Southmark*

*Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)); *see also Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."). Res judicata applies when the following four conditions are satisfied: "'(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.'" *Omran v. Wyche*, 745 F. App'x 225, 226 (5th Cir. 2018) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)).

In cause number 1:17cv282-HSO-JCG, Thomas appealed the Final Judgment of Dismissal entered August 20, 2019 after the parties participated in a conference with the Magistrate Judge and settled the case. A dispute arose when Thomas refused to sign a settlement agreement and release. In her notice of appeal, Thomas contends her case consisted only of a claim for dental expenses, which she alleged should have been paid as part of the AJ's award. In its motion to enforce the settlement agreement, the defendant contends Thomas' case also encompassed her claims of gender discrimination and retaliation – essentially an appeal of the EEOC's final decision against Thomas. While the case was pending in district court, Thomas filed motions to amend her complaint to dismiss all claims except for payment of her dental expenses. Those motions had not been ruled on at the time of the settlement.

-- 4 --

The Court finds all four res judicata elements are present in this case. The parties are identical or in privy, since all are persons or agencies involved in the alleged employment discrimination incidents and adjudication. The final judgment in 1:17cv282-HSO-JCG was rendered by a court of competent jurisdiction. And the same claims or causes of action were involved in both 1:17cv282-HSO-JCG and this case, because both concerned the same nucleus of operative facts – employment discrimination and the AJ's award.[2] *See Omran*, 745 F. App'x at 226. Therefore, this lawsuit should be dismissed on res judicata grounds.

**2. Timeliness**

Thomas filed this lawsuit on April 8, 2019, in which she seeks reinstatement of the AJ's award. Her deadline for filing an appeal of the EEOC's final decision was, at the latest, March 25, 2019. Thus, this lawsuit was filed too late. The ninety-day filing requirement is strictly construed, and courts within the Fifth Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). While the limitations period is subject to the principle of equitable tolling, the doctrine is "to be applied sparingly."

---

[2] If, on appeal of 1:17cv282-HSO-JCG, the Fifth Circuit determines that the case should be returned to the district court for further proceedings, Thomas will have the opportunity to pursue all of her claims having to do with employment discrimination in that case. On the other hand, if the Fifth Circuit affirms the district court's final judgment, then the claims presented here will have been finally adjudicated. In neither instance would this second-filed case be authorized. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under ...section 1915(d).").

*Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003). The Fifth Circuit has articulated three reasons to warrant equitable tolling in Title VII cases: "(1) during the pendency of an action before a state court that has jurisdiction over the subject matter of the suit, but that is the wrong forum under state law; (2) until the claimant knows or should know the facts giving rise to her Title VII claim; and (3) when the EEOC misleads the claimant about the nature of her rights under Title VII." *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999). None of those situations exist in this case. Thomas was informed by the EEOC of her filing deadline, and the Court reiterated that deadline in its order denying her motion to reopen cause number 1:18cv197-LG-RHW. Therefore, to the extent that this case can be construed as an appeal of the EEOC's April 8, 2019 decision, it should be dismissed as untimely.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Thomas's [1] Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED AND ADJUDGED** that all pending motions are **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 13th day of December, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE